UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES BOTTI,<br><br>Defendant. | 3:08-cr-00230 (CSH)<br><br>**ORDER ON MOTION<br>FOR RECONSIDERATION<br>[Doc. #170]** |

HAIGHT, Senior District Judge:

Defendant has filed a motion asking the Court to reconsider its ruling regarding the admissibility of testimony from three vendors — Skripek, Neves, and Papa — regarding payments they received from defendant James Botti in cash. As far as the Court can discern, three alleged payments are at issue: a payment to Skripek of $14,500 in January of 2007; a payment to Neves of $40,000 in February of 2007; and a payment to Papa of $65,000 in July of 2007.[1]

At oral argument on Tuesday, the government also represented that the payments to all three vendors were being offered as relevant toward the false statement counts, but only the payment to Papa was being offered as relevant to the structuring counts, because only that payment had been accompanied by an instruction to keep the payment a secret from federal law enforcement officers.[2]

---

[1]  At oral argument on Tuesday, counsel for the government represented that the government was "not offering [a] 2008 payment to Mr. Skripek of cash, your honor. We're not. We're offering the January third payment." Audio Recording at 11:18:13 p.m. (Oct. 27, 2009). Counsel for the government also clarified that previous filings, which referenced a payment to Skripek in March of 2007, had misinterpreted the date on certain records, which had been written in the European style of day-month-year.  *Id.*

[2]  The following colloquy transpired between the Court and government counsel Richard J. Schechter:

> The Court: Let me ask you this question: Do you say that the cash payments to the three vendors are relevant in respect of the false statement

In his argument for reconsideration, defendant offers no new arguments as to why the payments to vendors should be inadmissible on the false statement charges, and only offers the same argument already made that these payments are too temporally distant from the false statement to be relevant. I adhere to my previous Order [doc. #167], because this argument goes only to the weight of this evidence, but not to its admissibility. As before, I consider the alleged payments to vendors in the context of a timeline that includes many alleged other alleged cash transactions. Those transactions, which range from one month before the statements to IRS agents, through close to the end of 2007, could be reasonably considered by a jury in conjunction with the alleged

          charges, or in respect of the structuring conspiracy, or both of them?

Mr. Schechter:    The three payments, your Honor, are all relevant on the false statement count because they prove the existence of cash. The statement, the payment to Mr. Papa is relevant to the structuring, and the structuring conspiracy, because (a) it's specifically indicted under that theory, that it was in furtherance of the conspiracy that Mr. Botti gave him these instructions, and therefore it's totally admissible, we believe, on the structuring conspiracy allegation.

Audio Recording at 11:18:55 p.m. The colloquy later continued:

The Court:    I understand you to say that in respect of the three vendors, all three, or to be more precise, the payments to all three in cash, are relevant to the false statement charges . . . whereas, in respect of the conspiracy to structure, it is only the payment to Papa and the declarations that accompanied it that you say are relevant? Have I got your --

Mr. Schechter:    -- Yes.

The Court:    -- your argument?

Mr. Schechter:    Yes.

*Id.* at 11:20:11 p.m.

payments to vendors, to make more probable than not the conclusion that Mr. Botti lied to the IRS on July 14, 2006, when he said he had "no cash and less than $5,000 in cash at any time during the year," Redacted Indictment ¶ 33 [doc. #157], regardless of which year he was referring to in that statement.

Defendant takes issue with the Court's reasoning in its previous Order [doc. #167] that the payments to vendors is also admissible as to structuring because "cash payments to vendors do not generate [Currency Transaction Reports], [while] cash payments to credit card-issuing banks do." [doc. #167] at 3. Botti argues that, in point of fact, individual vendors are required by law to file an IRS Form 8300 when receiving more than $10,000 in cash in the course of trade or business, and he attaches a blank IRS Form 8300, with instructions, to prove the point. *See* Mot. Ex. A [doc. #170-2].

Insofar as my previous Order may be read to suggest that the payments to *all three* vendors would be admissible to prove the structuring counts, that misapprehension should be corrected. In ruling on the admissibility of those statements, I was relying on government counsel's specific responses to my questions and his representation that he only sought to offer the payments to Papa to prove the structuring counts.[3] At trial, I will issue an appropriate limiting instruction to this effect. However, as to Papa, Botti's recent arguments change nothing. I agree entirely with the government's argument in its response that "if Botti actually knew at the time he made the at the time he made the vendor payments in 2007 that the vendors were required to file a Form 8300, then Botti's directive to Papa in the middle of 2007 not to tell anyone (e.g. not to issue the form) would . . . [be] highly probative of Botti's intent to structure," and furthermore, that "[t]here is every reason to believe that Botti was simply ignorant of the requirements of Form 8300." Gov't Resp. [doc.

---

[3]     *See* Colloquy, *supra* at note 2.

#173] at 3 n.1.  Although Botti might testify to the contrary, such testimony still would go only to the weight of this evidence, and not its admissibility.

Defendant's motion for reconsideration [doc. #170] is therefore DENIED, but the Court's previous Order [doc. #167] is clarified; as to the structuring counts, the jury will be instructed to consider only the payment to Mr. Papa.

Dated: New Haven, Connecticut
October 30, 2009

                                           */s/ Charles S. Haight, Jr.*
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge