UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES BOTTI,<br><br>Defendant. | 3:08-cr-00230 (CSH)<br><br>**RULING ON PRE-TRIAL MOTIONS** |

HAIGHT, Senior District Judge:

In this Memorandum and Order, the Court rules on the several motions *in limine* raising evidentiary issues which have been briefed by counsel and argued at a hearing on February 11, 2010. Opinions setting forth in greater detail the reasons for certain of the Court's rulings may be filed subsequently. With respect to evidence the government intends to offer, these rulings deal only with evidence that would be admissible in the government's case-in-chief. Different considerations may arise with respect to a possible government rebuttal case. Non-evidentiary issues are identified by their captions.

I.  **Evidence of Structuring, i.e., Evidence Concerning Cash, Cash Deposits and Payments, and Concealing Cash**

Defendant's motion [Doc. #242] to limit the government's evidence to the dates and amounts of deposits into bank accounts is DENIED. The government's motion [Doc. #245] at 1-3 to admit evidence concerning defendant's possession of cash, cash deposits and payments, and concealing of cash is GRANTED.

1

## II. Taped Statements of Defendant

The government's motion [Doc. #245] at 3-5 to admit taped statements by defendant is GRANTED. Counsel stated at the hearing that they would confer and perhaps agree about the playing of one particular, lengthy tape. Decision on that tape is RESERVED.

## III. Opening Statements; No Reference to Outcome of Structuring Trial

The Court notes the intention of counsel for both the government and defendant to make opening statements. In addition, counsel have agreed that at this trial no reference will be made, in statements, questions, or argument, to defendant's conviction on the structuring charges. *See* [Doc. #245] at 5-6. The Court hereby approves and thus orders adherence to counsel's agreement.

## IV. Threat and Obstruction Evidence

The government's motion [Doc. #245] at 6-8 to admit evidence that defendant threatened others and obstructed a federal investigation is GRANTED, subject to the limitations imposed on the testimony of Kelly Botti during the structuring trial. The government represents now, as it did then, that it will not ask questions which might implicate the marital privilege. Should that issue arise during the trial, the Court will address it at that time. The government's motion to admit the evidence previously identified as "Item 14," *see* [Doc. #50] at 6 and [Doc. #58] at 6, is GRANTED.

## V. Tape Recordings of Planning and Zoning Commission Meetings on June 6 and June 20, 2006

The government's motion [Doc. #245] at 7-8 to play tape recordings of these meetings is GRANTED, without objection by the defendant.

**VI.      Evidence of Favors and Benefits Provided to Public Officials by Defendant and Others**

The government's motion [Doc. #245] at 8-12 to admit evidence of favors and benefits provided to public officials by defendant and by others is GRANTED, *provided that* with respect to the conduct of others, the Court may provide the jury with an appropriate limiting instruction and/or special verdict form.

**VII.     Evidence that Public Official # 1 Received Free Work at His Home**

The government's motion [Doc. #245] at 12-16 to admit evidence that Public Official # 1 received free work at his home is GRANTED, subject to the same conditions noted above.

**VIII.    Defendant's Statements About Developers X and Y, and Evidence that Public Official # 1 Sought to Help Developers X and Y**

The government's motion [Doc. #245] at 16-18 to admit evidence of defendant's statements about Developers X and Y, and evidence of the conduct of Public Official # 1, Developer X and Developer Y, is GRANTED.

**IX.      Directions Given by P & Z Commissioner # 4 to Commissioner # 2**

The government's motion [Doc. #245] at 18-20 to admit evidence of the relevant statements and conduct by defendant and by the two Commissioners is GRANTED.

**X.       Admissibility of Certain of the 29 Items of Evidence Listed in Prior Motions**

The parties made a number of motions and written submissions at an earlier stage of the case. As the result of defendant's brief in support of an earlier motion *in limine* [Doc. #50], twenty-nine evidentiary items emerged as subjects of contention with respect to their admissibility at a trial. The

government now states [Doc. #245] at 20-21 that at the forthcoming corruption trial it intends to offer into evidence on its case-in-chief items ## 6, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 25, 26, and 28. The government also states [Doc. #253] at 2-3 that it intends to offer items ## 7 and 24 pursuant to Rule 404(b). The Court rules on the admissibility of these items in the order stated:

**6:** Admissible.

**12:** Admissible.

**13:** Admissible.

**14:** Admissible.

**15:** Admissible.

**16:** Admissible.

**17:** Admissible.

**18:** Admissible.

**21:** Admissible.

**22:** Admissible.

**23:** Admissible.

**25:** Admissible.

**26:** Admissible.

**28:** Admissible.

**7:** Inadmissible in case-in-chief.

**24:** Inadmissible in case-in-chief.

**XI.     Defendant's Motion for Exemption from Sequestration Order**

Defendant's motion [Doc. #51] to exempt Dominic Thomas, defendant's attorney during relevant times and events, who is an intended defense witness, from sequestration of fact witnesses pursuant to Fed. R. Evid. 615, so that Atty. Thomas may be present at counsel table or in the courtroom during the government's case-in-chief, is DENIED.

**XII.    Government's Objection to Opinion Evidence of Defendant's Character for Being Hyperbolic or Bombastic**

Defendant contends that "he should be allowed to elicit evidence concerning his reputation and character for truthfulness as that relates to defendant's tendency toward exaggeration or bombast." [Doc. #254] at 15-16.  Defense counsel stated at the hearing that he intends to elicit evidence concerning this asserted tendency through cross-examination of witnesses and by calling character witnesses to describe the defendant as hyperbolic or bombastic.  The government's objections to such evidence relating to this pertinent trait of character are OVERRULED.  However, by calling witnesses to testify to this trait, defendant may open the door for the government to move that evidence of acts by others described *supra* in Parts VI and VII could be considered by the jury for another specific purpose — namely, to corroborate defendant's truthfulness.

**XIII.   Government's Objection to Evidence that the 828 Bridgeport Avenue Project was Entitled to Approval by the Shelton Planning and Zoning Commission.**

Defendant seeks to offer evidence as to the Shelton zoning process in general and "the status of the 828 project as it moved through the Planning and Zoning process, and its entitlement to a special zoning exception," as "evidence from which a jury may conclude that defendant lacked criminal or corruptive intent because the project was on-track for pro-forma approval, in any event."

[Doc. #252] at 16-19.  The government's objection to such evidence is SUSTAINED, except that defendant may offer evidence of his own belief that he was entitled to or likely to obtain such approval.  To the extent such evidence is elicited from Atty. Thomas — for example, through testimony regarding any advice he gave as defendant's attorney during the zoning process that the project would definitely or  likely be approved by the Zoning and Planning Commission — defendant would waive the attorney-client  privilege to make such testimony admissible; and, upon cross-examination, that privilege could not be reasserted selectively.

**XIV.   Defendant's Motion to Dismiss the Third Count of the Indictment**

Defendant's motion [Doc. #243] is DENIED.

**XV.   Reciprocal Discovery**

Defendant is directed to complete reciprocal discovery on or before February 23, 2010, on penalty of preclusion.

The foregoing is SO ORDERED.

Dated:  New Haven, Connecticut
        February 17, 2010

                                        */s/ Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        SENIOR UNITED STATES DISTRICT JUDGE