# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

   v.

JAMES BOTTI,

        Defendant.

3:08-CR-00230 (CSH)

**MEMORANDUM  AND ORDER**

HAIGHT, Senior District Judge:

This Memorandum addresses two subjects: defendant's second disclosure of an expert witness he intends to call at trial; and defendant's provision (or, more accurately, non-provision) of reciprocal discovery.

## I.      Expert Witness

Purportedly pursuant to Rule 16 of the Federal Rules of Criminal Procedure, defendant has filed a notice which "discloses Stanley Gniazowski of Realty Concepts, Inc." as an expert trial witness to testify about tax revenues generated by the defendant's real estate developments.  The government opposes that notice on the grounds that it is irrelevant, untimely, and insufficient as a matter of law.

Pretrial disclosure by a defendant in a criminal case is governed generally by Rule 16 of the Federal Rules.  In this District, a defendant's disclosure obligations are set forth specifically in this Court's Standing Order, which provides in pertinent part:

> **(B) Disclosure by the Defendant.** Within fourteen (14) days after the meeting required by Section A is held, defense counsel shall:
>
> > (1) Inform the attorney for the government in writing whether the nature of the defense is entrapment, insanity, duress or coercion, or acting under public authority at the time of the

offense.

(2) Permit the government to inspect and copy the following items that are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant: (a) books, papers, documents, photographs or tangible objects that the defendant intends to introduce as evidence in his case-in-chief at trial; (b) results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case that the defendant intends to offer as evidence at trial or which were prepared by a defense witness who will testify concerning the contents thereof. The defendant shall also disclose to the government a written summary of testimony the defendant intends to use as evidence at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence. This summary must describe the witness' opinions, the bases and reasons therefor, and the witness' qualifications.

. . .

**(D) Continuing Duty.** It shall be the continuing duty of counsel for both sides to reveal immediately to opposing counsel all newly-discovered information or other material within the scope of this Standing Order.

**(E) Exhibits.** Not less than ten (10) days prior to trial, the parties shall meet, inspect and premark, either for identification or as full exhibits, all exhibits which they reasonably anticipate will be offered into evidence at trial.

. . .

**(G) Disclosure of Statements of Witnesses.** After a witness other than the defendant has testified on direct examination at a suppression hearing, a sentencing hearing, a hearing to revoke or modify probation or supervised release, or a detention hearing, the party calling said witness shall produce, for examination and use by the other party, any of the statements in its possession and that relates to the subject matter of the witness' testimony. Any party intending to

> call a witness at any such proceeding shall ensure that all statements
> of the witness are available for disclosure at the hearing.

D. Conn. Local R. Crim. P. app at 157-58.

The provision governing disclosure of expert witnesses is found in ¶ (B)(2)(b) of the Standing Order, which obligates the defendant to "disclose to the government a written summary of testimony the defendant intends to use as evidence at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence.[1] *This summary must describe the witness' opinions, the bases and reasons therefor, and the witness' qualifications*." (emphasis added). These specific directions must be read together with the broader requirement that all disclosure by a defendant must be timely.

Earlier in this case, before defendant's first trial on the severed "money counts," the Court adjudicated the government's motion for reciprocal discovery by saying that "[t]he defendant's commitment to produce such discovery ten days before trial is insufficient, given the proximity of trial, and given that his disclosures should have been produced months ago under the Standing Order." Order [Doc. #123] at 3 (Oct. 20, 2009). If a ten-day period was insufficient to fairly advise the government in the context of the simpler and significantly shorter trial on the money counts, it goes without saying that it would be grossly inadequate in the larger, more complex trial that was scheduled to begin less than ten days from the time when defendant filed its present disclosure of an expert witness. Moreover, if the Court's instructions during the money trial left any room for doubt, such doubt should have been resolved by the Court's recent Ruling on Pre-Trial Motions, issued on February 17, 2010, which specifically directed defendant "to complete reciprocal discovery on or before February 23, 2010, *on penalty of preclusion*." [Doc. #257] at 6 (emphasis added).

---

[1] Rule 702 is captioned "Testimony by Experts." Defendant proffers Mr. Gniazowski as an expert within that Rule. "

Defendant's purported disclosure of Gniazowski was filed three days after that deadline.  It is untimely under the Standing Order and the Court's explicit order.

Not only is the purported "disclosure" untimely, it is also insufficient as a matter of law.  The document states:

> The evidence offered by Mr. Gniazowski will consist of an analysis of the tax revenue generated by each of the three developments of the defendant — Crown Point I and II, King's Point, and 828 Bridgeport Avenue in Shelton — and a comparison with the tax revenue generated from the same land if left undeveloped.

[Doc. #270] at 1-2.  Those 53 words are the sum total of the defendant's disclosure concerning the proposed expert's expected testimony.  To say it fails to comply with the Standing Order's directions is putting the proposition mildly.

Finally, the proposed testimony has no discernible relevance to the charges facing the defendant or to "any fact that is of consequence to the determination of the action," the touchstone of relevance under Fed. R. Evid. 401.  Defendant's barebones submission offers no illumination on those points.   The Court will not receive testimony, expert or lay, on irrelevant issues or subjects.

For all the reasons stated above, the government's objection is **SUSTAINED**.  Because the meaning of that word seems at times to elude the defense, it may be helpful to add that the Court will consider any further disclosures of expert testimony frivolous and will not entertain them.

## II.    Defendant's Failure To Provide Reciprocal Discovery

Apart from the insufficiency of the present expert witness "disclosure," the government avers in its opposition that "the defense still has not provided any reciprocal discovery to the Government." [Doc. #271] at 2 n.2.

Paragraph (B)(2) of the Standing Order on Discovery in this Judicial District requires the

-4-

defendant to "[p]ermit the government to inspect and copy" any documents or objects, results or reports, and summaries of expert testimony, that might be within the defendant's possession or control.  Standing Order on Discovery, D. Conn. Local R. Crim. P. app. at 158 ¶ (B)(2).  Under the Standing Order, such an inspection should have been allowed no more than fourteen days after the parties met to discuss discovery, which in turn was required no later than fourteen days after the defendant's arraignment.  *Id.* at 157-58 ¶¶ (A), (B).  Neither party has specified when this particular meeting took place, but that detail is irrelevant, both because the record reflects multiple meetings between the parties, and because the government has requested this reciprocal discovery repeatedly, in letters dated November 26, 2008; June 15, 2009; and July 14, 2009; and in a formal motion dated September 4, 2009 [doc. #67].

During the course of a number of hearings, defense counsel conceded the defendant's obligation to make reciprocal discovery under the Standing Order, and promised compliance or a substantive reply some day, sometime.  Nothing was produced; nothing substantive was said. Finally, with the March 8, 2010 trial date approaching, the Court entered its February 17 order that the defendant must complete reciprocal discovery on or before February 23, on penalty of preclusion. To date, nothing has been produced; nothing substantive has been said.

The Court construes this non-production and silence as representations by defense counsel that defendant has no material which is discoverable under Rule 16 and the Standing Order.  If it should appear during the trial that defendant is offering evidence in respect of which reciprocal discovery should have been made, the Court will entertain a government motion to preclude the evidence.

It is SO ORDERED.

Dated: New Haven, Connecticut
        March 3, 2010

                                        ___/s/ Charles S. Haight, Jr.___
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge